**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**AT SHERMAN**

**CASE NO.:  4:24-CV-00635-SDJ-AGD**

REED TIMMER,

          Plaintiff,

v.

TRIUMPH ROOFING AND
CONSTRUCTION LLC,

          Defendant.

---

**UNOPPOSED MOTION FOR LEAVE TO AMEND THE COMPLAINT**
**AND EXTEND THE DISCOVERY PERIOD**

Plaintiff REED TIMMER ("Timmer"), by and through his undersigned counsel, hereby moves this Honorable Court to amend the original complaint to add an additional defendant party in addition to Defendant TRIUMPH ROOFING AND CONSTRUCTION LLC ("Triumph"), and in support thereof states the following:

1.      Timmer filed his Complaint on July 11, 2024. ECF 1.

2.      Triumph was served on July 30, 2024. ECF 3.

3.      Triumph answered to the Complaint on August 20, 2024. ECF 8.

4.      Timmer filed its initial Rule 26 disclosure to Triumph on September 20, 2024, and Triumph filed its initial Rule 26 disclosure to Timmer on September 23, 2024.

5.      The Parties filed a joint scheduling report on September 23, 2024. ECF 14.

6.      The Parties engaged in discovery through requests and responses.

7.      Timmer conducted a remote deposition of the corporate representative of Triumph on March 26, 2025, pursuant to Fe. R. Civ. P. 30(b)(6).

8.      After the March 26 deposition, the Parties discussed and consented to Plaintiff seeking this Leave to Amend the original Complaint by adding an additional defendant, Roddy Doddy Agency.  The Parties agree that Roddy Doddy Agency is a necessary party to fully adjudicate the issues in this action.  At minimum, the Parties agreed to include Roddy Doddy Agency to the current matter so that an additional action would not need to be separately filed, allowing the Court to conserve its resources in managing a separate litigation related to the same actions.

9.      Amending the original Complaint would not prejudice the case or any party involved, and such amendment is in the interest of fair adjudication.

10.      Additionally, with an additional Defendant, the Parties agreed on the call that additional time to complete discovery related to Roddy Doddy Agency would be necessary. Accordingly, Plaintiff requests an additional 90 days to complete discovery once Roddy Doddy Agency is served.  While Plaintiff understands that this extension would complicate the schedule established in the Court's October 9, 2024, Scheduling Order, the burden of shifting the dates for post-discovery litigation seems less burdensome to the Court than the assertion of a new lawsuit by Plaintiff against Roddy Doddy Agency, which would also likely involve Defendant as to its vicarious liability to those claims.

11.      Counsel for Defendant agreed on the call after the March 26 deposition that an extension of the discovery period would be beneficial to all parties.

12.      No parties would be prejudiced by the extension of the discovery period, and such an extension would benefit the Court by the most efficient resolution of the matters at issue in this litigation.

**SRIPLAW**

CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

WHEREFORE, Plaintiff REED TIMMER requests that this Honorable Court grant Plaintiff to amend the original Complaint adding an additional defendant, that the Court extend the fact discovery period for 90 days after service of Roddy Doddy Agency is completed, and for such other and further relief as to this Court deems just and proper.

Dated: March 31, 2025                                    Respectfully submitted,


/s/  Sangheon Han
SANGHEON HAN
TX Bar Number: 24142306
sangheon.han@sriplaw.com

**SRIPLAW, P. A.**
4900 Travis Street
Suite 212
Houston, FL 77002
281.417.0850 – Telephone
561.404.4353 – Facsimile

JOEL B. ROTHMAN
joel.rothman@sriplaw.com

**SRIPLAW, P. A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4335 – Telephone
561.404.4353 – Facsimile

EVAN A. ANDERSON (*Pro Hav Vice*)
Evan.anderson@sriplaw.com

**SRIPLAW, P. A.**
3355 Lenox Road NE, Suite 750
Atlanta, GA 30325
470.598.0800 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Reed Timmer*

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

**CERTIFICATE OF CONFERENCE**

The undersigned certifies this document was filed electronically in compliance with Local Rule CV-7(h). Parties met and conferred by telephone to prepare this motion on March 26, 2025.

> */s/ Sangheon Han*
> SANGHEON HAN

**SRIPLAW**

CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

**CERTIFICATE OF SERVICE**

The undersigned certifies this document was filed electronically in compliance with Local Rule CV-5(a). As such, it was served on all counsel of record on March 31, 2025.

/s/ *Sangheon Han*
SANGHEON HAN

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS