UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
AT SHERMAN

CASE NO.:  4:24-cv-00635-SDJ-AGD

REED TIMMER,

                Plaintiff,

v.

TRIUMPH ROOFING AND
CONSTRUCTION LLC and RODDY
DODDY AGENCY,

                Defendants.

_____

## PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGEMENT BY DEFAULT AGAINST DEFENDANT RODDY DODDY AGENCY, AND INCORPORATED MEMORANDUM OF LAW

Matthew L. Rollin (*Pro Hac Vice*)
Matthew.rollin@sriplaw.com

**SRIPLAW, P.A.**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, CA 90211
323.452.5600 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Reed Timmer*

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

## TABLE OF CONTENTS

I.    INTRODUCTION & PROCEDURAL HISTORY ................................................................. 1

II.   STATEMENT OF FACTS .................................................................................................... 2

   A.   Timmer's Rights ........................................................................................................... 2

   B.   Infringement by Roddy ................................................................................................ 3

III.  LEGAL STANDARD FOR DEFAULT JUDGMENT ...................................................... 5

MEMORANDUM OF LAW ......................................................................................................... 5

   A.   Jurisdiction and Venue are Proper in this Court .......................................................... 5

   B.   Timmer Established Roddy's Liability for Copyright Infringement............................... 6

     i.   Timmer Owns a Valid Copyright for the Work............................................................ 6

     ii.  Roddy Copied the Work ............................................................................................... 7

   C.   Timmer Established that Roddy's Infringement Was Willful.......................................... 8

IV.   THIS COURT SHOULD AWARD STATUTORY DAMAGES PURSUANT TO 17
U.S.C. § 504 AND GRANT A PERMANENT INJUNCTION ................................................... 9

In addition to the entry of default judgment against Roddy, Timmer requests the following relief
and any other relief as the court deems just and proper.................................................................. 9

   A.   Actual Damages Are Appropriate But Insufficient for Willful Copyright Infringement ... 9

   B.   Statutory Damages Are Appropriate for Willful Copyright Infringement ...................... 10

   C.   Entry of a Permanent Injunction is Appropriate ............................................................ 11

V.    Timmer is Entitled to Recover Costs and Attorneys' Fees................................................. 13

VI.     Timmer is Entitled to Pre and Post-Judgment Interest ...................................................... 14

VII.    CONCLUSION ............................................................................................................. 16

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

## <u>TABLE OF AUTHORITIES</u>

**<u>FEDERAL COURT OPINIONS</u>**                                                        **<u>PAGE(S)</u>**

*Am. Int'l Trading Corp. v. Petroleos Mexicanos*,
    835 F.2d 536 (5th Cir. 1987) ............................................. 14

*Armour v. Knowles*,
    512 F.3d 147 (5th Cir. 2007) ............................................. 7

*Autoskill, Inc. v. Nat'l Educ. Support Sys.*,
    994 F.2d 1476 (10th Cir. 1993) .......................................... 12

*Barnstormers, Inc. v. Wing Walkers, L.L.C.*,
    2011 U.S. Dist. LEXIS 47143 (W.D. Tex. May 3, 2011) ........................................... 8, 10-11

*Bridgeport Music, Inc. v. UMG Recordings, Inc.*,
    585 F.3d 267 (6th Cir. 2009) ............................................. 8

*Cleo D. Mathis & Vico Prods. Mfg. Co. v. Spears* ,
    857 F.2d 749 (Fed. Cir. 1988) ........................................... 15

*Cynthia Hunt Prods. Ltd. V. Evolution of Fitness Houston Inc.*,
    2007 WL 2363148 (S.D. Tex. Aug. 16 2007) ............................. 11

*Davis v. Gap, Inc.*,
    246 F.3d 152 (2d Cir. 2001) ............................................. 9

*Dish Network, L.L.C. v. Del Carmen*,
    2020 U.S. Dist. LEXIS 43743 (W.D. Tex. Mar. 13, 2020) ................. 10

*Interplan Architects, Inc. v. C.L. Thomas, Inc.*,
    2010 U.S. Dist. LEXIS 114306 (S.D. Tex. Oct. 27, 2010) ................ 10

*MGE UPS Sys. v. GE Consumer & Indus. Inc.* ,
    622 F.3d 361 (5th Cir. 2010) ............................................. 9

*Nishimatsu Constr. Co. v. Hous. Nat'l Bank*,
    515 F.2d 1200 (5th Cir. 1975) ......................................... 5, 8

*Panini Am., Inc. v. Wild Card, Inc.*,
    2023 WL 1073692 (E.D. Tex. Jan. 27, 2023) ............................. 9

*Reilly v. Online Land Mkt., L.L.C.*,
    2025 U.S. Dist. LEXIS 25517 (N.D. Tex. Jan. 24, 2025) ................. 15

*Tex. GSL Corp. v. Cmty. Check Cashing, L.L.C.*,
    2013 U.S. Dist. LEXIS 114607 (W.D. Tex. Aug. 14, 2013) ............... 15

*Twist & Shout Music v. Longneck Xpress, N.P.* ,
   441 F. Supp. 2d 782 (E.D. Tex. 2006) ................................................................ 5

*UA Corp. v. Freeman*,
   605 F.2d 854 (5th Cir. 1979) ........................................................................... 5

*UMG Recordings, Inc. v. Braden*,
   2009 U.S. Dist. LEXIS 136425 (W.D. Tex. Sept. 14, 2009) ........................... 11-12

*Williams v. Trader Publ'g Co.*,
   218 F.3d 481 (5th Cir. 2000) ............................................................................ 14

## UNITED STATES CODE

17 U.S.C. § 13.01 (2010) ............................................................................... 7, 817 U.S.C. § 102

............................................................................................................................... 6

17 U.S.C. § 106 ............................................................................................ 1, 6

17 U.S.C. § 410 ................................................................................................ 7

17 U.S.C. § 411 ................................................................................................ 6

17 U.S.C. § 501 ................................................................................................ 6

17 U.S.C. § 502 ...................................................................................... 1, 4, 11

17 U.S.C. § 504 ........................................................................................ *passim*

17 U.S.C. § 505 .......................................................................................... 1, 13

17 U.S.C. § 1203 ............................................................................................ 14

17 U.S.C. § 1331 .............................................................................................. 6

17 U.S.C. § 1498 ............................................................................................ 11

28 U.S.C. § 1391 .............................................................................................. 6

28 U.S.C. § 1961 ...................................................................................... 14, 15

## RULES

Fed. R. Civ. P 55 .............................................................................................. 1

Fed. R. Civ. P 58 .............................................................................................. 1

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

Pursuant to Rule 55(b) and 58(d) of the Federal Rules of Civil Procedure, Plaintiff REED TIMMER ("Timmer"), by and through his undersigned counsel, respectfully moves the Court for an entry of default judgment in favor of Timmer and against Defendant RODDY DODDY AGENCY ("Roddy"). Default has been entered against Roddy by the Clerk of Court for failure to answer or otherwise defend the instant suit on June 2, 2025 (ECF 30). Timmer requests that the Court award all relief requested herein against Roddy, and in support thereof states as follows:

## I.    INTRODUCTION & PROCEDURAL HISTORY

Plaintiff REED TIMMER ("Timmer") initiated this action against Defendants RODDY DODDY AGENCY ("Roddy" or "Defendant") for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106 to reproduce, publicly perform, and distribute Timmer's original copyrighted works of authorship. Roddy is in default and the requirements for a default judgment have been met. Based upon the assertions of fact in Timmer's First Amended Complaint (ECF 22, the "Amended Complaint"), as well as the *Declaration of Reed Timmer* ("Timmer Decl.") and the *Declaration of Matthew L. Rollin* ( "Rollin Decl.") attached hereto, Timmer seeks entry of default judgment for Timmer's claim of copyright infringement against Roddy, an award of statutory damages pursuant to 17 U.S.C. § 504, an award of Timmer's costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505, prejudgment interest, and an injunction pursuant to 17 U.S.C. § 502 permanently enjoining Roddy from further infringement.

On April 14, 2025, Timmer filed his Amended Complaint against Defendants, including the Defaulting Defendant, Roddy. On May 7, 2025, Roddy was served with the Summons and a copy of the Complaint by personal service, by serving Tonya Seay, co-owner of Roddy, at 8204 Texian Trail, McKinney, Texas, 75070. (ECF 22 ¶ 24; Ex. A). On this basis, on May 29, 2025, Timmer filed a Motion for Entry of Clerk's Default. (ECF 22 ¶ 28). On June 2, 2025, the Courts'

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

clerk filed an entry of default against Roddy. Amended Complaint ¶ 30. Timmer now moves for a Final Judgment of Default.

## II.    STATEMENT OF FACTS

### A.    Timmer's Rights

Timmer is a meteorologist with a PHD and famous storm chaser. Dr. Timmer was featured in "Storm Chasers" television show on Discovery Channel and has worked with local, national and international media for decades. His live streams of weather events have undoubtedly saved many lives by providing outstanding coverage in real time. Dr. Timmer has one of the largest and most valuable extreme weather libraries in the world and has traveled to many countries to document storms. Dr. Timmer also has a very large social media presence with several million followers/subscribers and supporters that help finance his endeavors. Dr. Timmer has a long history of rescuing people from tornado damage to floods to blizzards. Dr. Timmer is also the only person to ever shoot a rocket into a tornado and capture extremely rare data from inside of a tornado. (Timmer Decl. ¶ 2).

In 2022, Timmer created the motion picture entitled "Andover Drone Footage," which is referred to herein as the "Work." (ECF 22 ¶ 22 ¶ 14; Timmer Decl. ¶ 3). Timmer registered the Work with the Register of Copyrights on June 3, 2022, and was assigned the registration number PA 2-360-287. (ECF 22¶ 15; Ex. 1; Timmer Decl. ¶ 4).  Timmer closely manages the distribution of his copyrighted works so as to maintain value in its exclusivity as well as its high quality. (Timmer Decl. ¶ 14). At all relevant times Timmer was the owner of the copyrighted Work at issue in this case. (ECF 22 ¶ 16; Timmer Decl. ¶ 5).

**B.      Infringement by Roddy** [1]

Defendant RODDY DODDY AGENCY ("Roddy") is a Texas-based online marketing agency specializing in digital advertising and web services for local businesses. (ECF 22 ¶ 4; Timmer Decl. ¶ 6). At all times relevant herein, Triumph owned the Facebook page "Triumph Roofing" located at the internet URL www.facebook.com/TriumphRoofing (the "Triumph Facebook Page") and the Instagram Page "triumphroofing" located at the internet URL www.instagram.com/triumphroofing/?h|=en (the "Triumph Instagram Page") (collectively referred to herein as the "Triumph Social Media"). (ECF 22 ¶ 5).

Upon information and belief, Roddy created and managed Triumph Social Media, on behalf of Triumph. (ECF 22 ¶ 6; Rollin Decl. ¶ 3; Ex. 1 Deposition of Bradley ("Sanders Depo.") 25:2-4). Timmer alleges that Roddy copied Timmer's Work from the internet in pursuit of its business activities with Triumph, who in turn used Timmer's Work to promote its business with the purpose of advertising and promoting sales to the to the public. Amended Complaint at 7. The relevant part in the Triumph Facebook Page and Triumph Instagram Page is shown below:



---

[1] The following facts are as alleged by Timmer, admitted by default, and established by the evidence submitted with the Complaint.

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS



On April 3, 2025 and April 10, 2025, Timmer, through counsel, notified Roddy in writing of Timmer's copyrights in the Work, and demanded that it cease the infringing use of the Work and pay a license fee for the unauthorized use of the Work. (ECF 22 ¶ 26; Timmer Decl. ¶ 11).

Despite Timmer's repeated demands, Roddy has not compensated Timmer for its otherwise infringing use of the copyrighted Work. As such, Roddy's refusal to pay for its commercial use of the Work evidences that Roddy's infringement was willful and intentional throughout, and that it always intended to profit from Timmer's Work without paying any fees for its use.

As a result of Roddy's infringement, the Work has lost significant value. (Timmer Decl. ¶ 13). Roddy publicly disseminated an attribution-free copy of the Work, which could be accessed and downloaded by others from the Website, without obtaining a license from Timmer. *Id*. The Work is now less scarce and less exclusive. *Id.*

## III. LEGAL STANDARD FOR DEFAULT JUDGMENT

Once a default is entered by the Clerk of Court, a plaintiff may seek entry of a default judgment by the Court against the defaulting defendant pursuant to Federal Rule of Civil Procedure 55.[2] "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu Const. Co., Ltd. V. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975). An entry of default effectively "cuts off the defendants' right to appear in the case with respect to liability issues." *Twist & Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp. 2d 782, 783.

Following the entry of a default judgment, damages may be awarded "without a hearing [if] the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). No damages will be awarded unless the record adequately reflects the basis for an award via "a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Id.*

Timmer received an entry of default pursuant to Rule 55(a) on June 2, 2025. (ECF 30). Timmer now seeks a final default judgment under Rule 55(b).

## IV. MEMORANDUM OF LAW

### A. Jurisdiction and Venue are Proper in this Court

This Court has subject matter jurisdiction over the claims in this action pursuant to 28

---

[2] Fed. R. Civ. P. 55 (b)(2): In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
(A) conduct an accounting;
(B) determine the amount of damages;
(C) establish the truth of any allegation by evidence; or
(D) investigate any other matter.

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

U.S.C. §§ 1331, 1338(a). (ECF 22 ¶ 9). Personal jurisdiction over Roddy is proper because it is

subject to personal jurisdiction in Texas as it resides in the district. (ECF 22 ¶¶ 10-11).

Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because

the events giving rise to the claims occurred in this district, Roddy engaged in infringement in

this district, Roddy resides in this district, and Roddy is subject to personal jurisdiction in this

district. (ECF ¶ 11).

### B.     Timmer Established Roddy's Liability for Copyright Infringement.

The Copyright Act, 17 U.S.C. § 501(a), provides that "(a)nyone who violates any of the

exclusive rights of the copyright owner as provided by sections 106 through 122 (17 U.S.C. §§

106-122) or of the author as provided in section 106A(a) (17 U.S.C. § 106A(a)) ... is an infringer

of the copyright or right of the author, as the case may be." *See* 17 U.S.C. § 501(a). Liability for

copyright infringement occurs when a plaintiff can prove (1) plaintiff's ownership of a copyright,

and (2) defendant's copying of the Work. *See Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499

U.S. 340 (1991).

### i.     Timmer Owns a Valid Copyright for the Work

Timmer's Work is an original and expressive motion picture that may be copyrighted

pursuant to 17 U.S.C. § 102(a)(5). Timmer may satisfy the first prong by producing the

certificates of registration, then the burden shifts to the Roddy to demonstrate why the claim of

copyright is invalid. *See Feist Publications*, 499 U.S. 340 (noting a "certificate of registration

made before or within five years after first publication of the work shall constitute prima facie

evidence of the validity of the copyright and the facts stated in the certificate").

Timmer registered the Work pursuant to 17 U.S.C. § 411(a) and was given a Certificate

of Registration, Registration Number PA 2-360-287, issued June 3, 2022. (ECF 22 ¶ 15; Ex. 1;

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

Timmer Decl. ¶ 4). As Timmer registered the Work prior to its publication, this registration satisfies the statutory requirements of 17 U.S.C. § 410(b).

### ii.    Roddy Copied the Work

The copying element of an infringement claim has two components. *See Armour v. Knowles*, 512 F.3d 147, 152 (5th Cir. 2007); 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 13.01[B] (2010). First, a plaintiff must demonstrate that the defendant copied the plaintiff's work as a factual matter. *Id*. Second, the plaintiff must establish "substantial similarity" between the allegedly infringing work and the elements of the copyrighted work that are legally protected. *Id*.

Here, Timmer produced documents showing Roddy's copying of Timmer's copyrighted Work via Triumph Social Media, which Roddy curated as part of its business activities with Triumph. Amended Complaint ¶ 23; Ex. 2. Roddy is in default. (ECF 30). The produced documents show that Roddy copied Timmer's Work from the internet to provide marketing services to Triumph, who in turn used Timmer's copyrighted Work to advertise, market and promote Triumph's business activities by reproducing and displaying a copy of the Work on Triumph Social Media. (ECF 22 ¶ 23; Ex. 2). As a factual matter, Roddy copied Timmer's Work.

During the deposition of Triumph's representative, Bradley Sanders, Mr. Sanders testified that Triumph hired Roddy to curate the social media channels on behalf of Triumph. (Rollin Decl. ¶ 3; Ex. 1; Sanders Depo. 25:2-4; 26:6-8).

There is no factual or subjective issue of "substantial similarity" here because the Work is an exact copy of the original, only cropped and framed against a black backdrop. (ECF 22 ¶ 38; Ex. 1). The Work bears no other changes, meaning that the Work was entirely copied, displayed,

**SRIPLAW**
Cᴀʟɪꜰᴏʀɴɪᴀ ◆ Fʟᴏʀɪᴅᴀ ◆ Gᴇᴏʀɢɪᴀ ◆ Iɴᴅɪᴀɴᴀ ◆ Nᴇᴡ Yᴏʀᴋ ◆ Tᴇɴɴᴇssᴇᴇ ◆ Tᴇxᴀs

and distributed to the public. *Id*. Thus, Roddy undisputedly copied Timmer's copyrighted Work without authorization to do so, and a Final Default Judgment should be entered against Roddy.

### C.    Timmer Established that Roddy's Infringement Was Willful.

A claim for willful copyright infringement requires a showing that the defendant knowingly or recklessly infringed on a plaintiff's copyright. *Barnstormers, Inc. v. Wing Walkers, LLC*, 2011 U.S. Dist. LEXIS 47143 *12 (W.D. Tex. May 3, 2011) (*citing Bridgeport Music, Inc. v. UMG Recordings, Inc*., 585 F.3d 267, 278 (6th Cir. 2009)).

Here, Timmer pled willful infringement. (ECF ¶ 40). Timmer also pled that Roddy willfully copied the work and, through Triumph Social Media, distributed it on the internet which Triumph used to  promote the sale of goods and services as part of its business. (ECF ¶¶ 38-40). Roddy failed to respond to the Amended Complaint. (ECF 30). As such, Timmer's factual assertions are to be accepted as true, and Roddy's infringement is established as willful. *Nishimatsu*, 515 F. 2d at 1206.

Additionally, Timmer, through Counsel, notified Roddy in writing of Timmer's copyright in the Work and demanded it appeared before the Court and pay a license fee for the unauthorized use of the Work. (ECF ¶ 26; Timmer Decl. ¶ 11). To date, Roddy has not appeared or otherwise responded to Plaintiff or the Court. *Id*.

Taken together, Timmer's requests and Roddy's reproduction, distribution, and public display of the copyrighted Work without obtaining, or even seeking, permission from Timmer as copyright owner and refusal to pay a licensing fee to compensate for its use of the Work demonstrate that Roddy had actual knowledge, or at least acted with reckless disregard, of the fact that their conduct infringed upon Timmer's exclusive copyrights in the Work.

Accordingly, Roddy's default and the well-pled facts of the Amended Complaint, which are admitted by Roddy's default, establish that Roddy's infringement of Timmer's Work was willful and deliberate.

## V.    THIS COURT SHOULD AWARD STATUTORY DAMAGES PURSUANT TO 17 U.S.C. § 504 AND GRANT A PERMANENT INJUNCTION

In addition to the entry of default judgment against Roddy, Timmer requests the following relief and any other relief as the court deems just and proper.

### A.    Actual Damages Are Appropriate But Insufficient for Willful Copyright Infringement

Pursuant to 17 U.S.C. § 504(b), a "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." Actual damages may be calculated in a number of ways. *Panini Am., Inc. v. Wild Card, Inc.*, No. 4:22-CV-093, 2023 WL 1073692, at *8 (E.D. Tex. Jan. 27, 2023). Actual damages are often measured by "lost profits and 'reasonable royalty rates,' or what a willing buyer would have been reasonably required to pay a willing seller as a licensing fee for the actual use of the copyrighted material by the infringers." *MGE UPS Sys. v. GE Consumer & Indus. Inc.*, 622 F.3d 361, 366 (5th Cir. 2010) (citing *Davis v. Gap, Inc.*, 246 F.3d 152, 167 (2d Cir. 2001).

The copyright owner may also recover the fair market value of the licensing fee that would have been charged for the work that was infringed. *MGE UPS Sys.,* 622 F.3d at 367; *Panini Am.*, at *8 ("[A]ny licensing agreement or fee to use Timmer's alleged copyrights is relevant to Timmer's actual damages and Movant's defenses with regards to Timmer's damages."). To demonstrate entitlement to a reasonable license fee, the fair market value of an

infringed work may be established by "evidence of benchmark licenses, that is, what licensors have paid for use of similar work." *Interplan Architects, Inc. v. C.L. Thomas, Inc.*, 2010 U.S. Dist. LEXIS 114306, at \*36.

To establish Roddy's profits subject to disgorgement under § 504(b), a "copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to provide his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b). Roddy solely controls all information concerning its gross revenue related to its infringing uses of the Work, and its default has stymied Timmer's ability to present that evidence to the Court.

Accordingly, Timmer seeks an award of statutory damages for Roddy's willful infringement. (Timmer Decl. ¶ 15).

### B.    Statutory Damages Are Appropriate for Willful Copyright Infringement

Pursuant to 17 U.S.C. § 504(c), Timmer may elect to recover statutory damages for Roddy's infringement of Timmer's exclusive rights in the copyrighted Work, and enhancement of his statutory award based upon the willfulness of such infringement. Specifically, pursuant to 17 U.S.C. § 504(c)(2), the Court in its discretion may increase an award for statutory damages up to $150,000.00 when infringement was committed willfully. In awarding enhanced damages in the context of Section 504(c)(2), court also consider the "need for deterrence" of future violations. *Dish Network, L.L.C. v. Del Carmen*, 2020 U.S. Dist. LEXIS 43743, \*1 (W.D. Tex. March 13, 2020).

Specifically, when an infringing party does not provide expenses saved and profits reaped by the infringing party, the court will instead only look to the actual damages and willful conduct and award an amount multiplying actual damages to fully compensate plaintiff and adequately deter future conduct like that of the Roddy. *See Barnstormers, Inc. v. Wing Walkers, LLC*, 2011

**SRIPLAW**
CALIFORNIA ◆ FLORIDA◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

U.S. Dist. LEXIS 47143 *15 (W.D. Tex. May 3, 2011) ("in light of plaintiff's $6,000 in actual damages and defendants' willful conduct, the Court finds a just award of statutory damages to be three times plaintiff's actual damages, or $18,000"); *Cynthia Hunt Prods. Ltd. V. Evolution of Fitness Houston Inc*., No. CIV.A. H-07-0170, 2007 WL 2363148, at *7 (S.D. Tex. Aug. 16, 2007) (finding that three times the amounts plaintiff's invoice for copyrighted work is consistent with the case law and an appropriate statutory damages award). In cases of non-willful infringement, statutory damages may be awarded up to $30,000.00 resulting from the infringement of the copyrighted Work. *See* 17 U.S.C. § 504(c)(1).

Roddy's conduct and its decision not to defend against Timmer's claim demonstrate that its conduct is willful. Given the circumstances of the instant case, Timmer submits that an appropriate award of statutory damages of at least $50,000, for willful infringement under 17 U.S.C. § 504(c)(2) is appropriate. This will provide full compensation to Timmer for the damages suffered, to create a strong disincentive against infringers intentionally hiding the profits from their infringing conduct in the hope of earning more than they can be held accountable for in actual damages and to deter future violations of copyright law. Alternatively, if the Court finds Roddy's infringement is not willful, Timmer is seeking the maximum non-willful amount of $30,000.

### C.    Entry of a Permanent Injunction is Appropriate

Pursuant to 17 U.S.C. § 502(a), "[a]ny court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502. Injunctions are regularly issued pursuant to Section 502 because "the public interest is the interest in upholding copyright protections"; and courts also regularly issue injunctions as part of default judgements. *UMG Recordings, Inc. v. Braden*, 2009 U.S. Dist.

**SRIPLAW**

CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

LEXIS 136425, *11. *(*citing *Autoskill, Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1499 (10th Cir. 1993)) (entering permanent injunction against defendants with respect to plaintiff's existing and future works). Indeed, courts agree that "allege damages will not adequately compensate [plaintiff's] for the harm caused" by copyright infringement. *UMG Recordings*, at *10.

"A grant of injunctive relief requires the requesting party to establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs the threatened harm the injunction may cause the opposing party; and (4) the injunction will not disserve the public interest." *UMG Recordings*, at *9.

First, irreparable harm is presumed in copyright cases where there is a showing of reasonable likelihood of success on the merits. *UMG Recordings, at* *9-10. However, a successful default judgement satisfies the element of success on the merits, and no further showing of irreparable injury is necessary. *Id*. at *10. Lastly, the public interest is the "interest in upholding copyright protections." *Id*. at *11. Thus, the first, second, and fourth factors are met here.

With regard to the third factor, the threatened injury of Roddy's actions significantly outweighs any harm an injunction may cause to Defendant. Roddy's conduct has caused, and any continued infringing conduct will continue to cause irreparable injury to Timmer, such that Timmer has no adequate remedy at law. (ECF 22 ¶ 42). For example, the ability of Roddy to use Timmer's Work for its own commercial benefit without compensation to Timmer greatly impairs the market value of the Work. Because Timmer only posts his copyrighted works on his social media, the use by a third-party usurps views from Timmer's social media. This prevents Timmer

from earning ad revenue for the viewership he drives to his social media platforms. (Timmer Decl. ¶¶ 12-14).

Additionally, there is no evidence that Roddy will not continue to infringe on Timmer's work. In fact, Roddy's failure to respond to Timmer's complaint suggests that Defendant "does not take seriously the illegality of the infringing activity." *UMG Recordings*, at *10. Roddy's use of Timmer's Work has created innumerable avenues for further infringement, exposing Timmer's Work to the millions of social media users and, consequently, innumerable downloads and other distribution methods. Roddy's removal of Timmer's Work shows that an injunction would not harm Defendant; however, Timmer has sufficiently shown that Roddy's activities pose a grave threat to the integrity of Timmer's Work such that an injunction is proper.

Accordingly, Timmer request the Court enter a permanent injunction against Roddy, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Roddy, prohibiting them from (a) directly or indirectly infringing Timmer's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any works derived or copied from Timmer's copyrighted motion picture or to participate or assist in any such activity; and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted Work or infringing Works as defined herein in the Amended Complaint.

## VI.    Timmer is Entitled to Recover Costs and Attorneys' Fees

Pursuant to 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs by or against any party… the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." Upon entry of a final judgment, Timmer is the prevailing party in this action. In view of the willful nature of Roddy's infringement and its failure to

13

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

defend or otherwise participate in this action leading to unjustified delays and increased costs and fees, an award of full costs and attorney's fees to Timmer is appropriate.

Additionally, 17 U.S.C. § 1203(b)(5) provides "the court … in its discretion may award reasonable attorney's fees to the prevailing party…," providing a second statute for an award of Timmer's attorney's fees.

Accordingly, Timmer requests the Court to award costs and attorney's fees in the amount of $2,925 consisting of costs in the amount of $555.84 and fees in the amount of $5,015.00. (Rollin Decl. at ¶¶ 4-6). Pursuant to Local Rule 7.3(a)(5), the following individuals, experience of those individuals, and qualifications for each timekeepers whom fees are sought include: (1) Senior Associate Matthew Rollin, with over 4 years of legal experience; (2) Paralegal Jamie James, with over 8 years of legal experience; and (3) Summer Law Clerk Trystan Edwards, a rising 3L at Benjamin N. Cardozo School of Law with 2 years of supervised legal experience. (Rollin Decl. ¶¶ 7-14). Accordingly, Timmer requests the Court award attorney's fees and costs in the amount of $5,570.84.

### VII.    Timmer is Entitled to Pre and Post-Judgment Interest

Timmer is entitled to pre and post-judgment interest for the total damage award, including his award of fees and costs. 28 U.S.C. § 1961; *see also Williams v. Trader Publ'g Co.*, 218 F.3d 481, 488 (5th Cir. 2000) (noting that "district court has discretion to impose a pre and post-judgment interest award to make a plaintiff whole.")

Under Texas law, "an equitable award of prejudgment interest should be granted to a prevailing plaintiff in all but exceptional circumstances." *Am. Int'l. Trading Corp. v. Petroleos Mexicanos*, 835 F.2d 536, 541 (5th Cir. 1987). Indeed, the Fifth Circuit has elected to award prejudgment interest. *See Id.* at *52 (court awarding pre-judgment interest of five percent (5%) per annum to be calculated as simple interest, emphasizing the need to make the Plaintiff whole

**SRIPLAW**

CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

and deter copyright infringement); see also *Reilly v. Online Land Mkt., LLC*, 2025 U.S. Dist. LEXIS 25517, *25 (N.D. Tex. Jan. 24, 2025) (awarding prejudgment interest at five percent (5%) per annum).

"An award of post-judgment interest is mandatory under 28 U.S.C. § 1961 and is awarded as a matter of course . . . Such interest shall be calculated from the date of the entry of judgment at a rate equal to the weekly average one-year constant maturity Treasury yield as published by the Board of Governors of the Federal Reserve System for the calendar week preceding the date of judgment . . ." Tex. GSL Corp. v. Cmty. Check Cashing, LLC, 2013 U.S. Dist. LEXIS 114607, *19.

Accordingly, Timmer is entitled to interest calculated from the date of he found the infringement. (Rollin Decl. ¶ 14). As of the date he found the infringement, the interest rate was 2.10 percent. (Rollin Decl. ¶ 14, Ex. 3). Timmer should be granted prejudgment interest of 2.10 percent from May 3, 2022 to the date of judgment.

The statute states that post-judgment interest shall be calculated as follows: "(s)uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). The date of commencing the calculation of interest is the date entitling the plaintiff to its damage award, not the date the quantum of the award is calculated. *Mathis v. Spears*, 857 F.2d 749, 760 (Fed. Cir. 1988) ("(i)nterest on an attorney fee award… runs from the date of the judgment establishing the right to the award, not the date of the judgment establishing its quantum."). This policy "deters use of the appellate process by the judgment debtor solely as a means of prolonging its free use of money owed the judgment creditor." *Id.*

Accordingly, Timmer is entitled to interest calculated from the date this Court grants this motion. As of the date of this filing, the interest rate is 4.05 percent. (Rollin Decl. ¶ 15).

## VIII.  CONCLUSION

For the foregoing reasons, Plaintiff Reed Timmer respectfully request this Court to enter Final Judgment of Default against Defendant Roddy Doddy Agency, and award Timmer $50,000 for willful statutory damages caused by Roddy's copyright infringement, full costs, attorney's fees, and prejudgment interest in the foregoing amounts; permanently enjoin Roddy from infringing activities; and any other relief that this Court deems just and proper. A proposed order is filed herewith.

Dated:  July 24, 2025                    Respectfully submitted,


                                         */s/ Matthew L. Rollin*
                                         MATTHEW L. ROLLIN (*Pro Hac Vice*)
                                         Matthew.rollin@sriplaw.com

                                         **SRIPLAW, P.A.**
                                         8730 Wilshire Boulevard
                                         Suite 350
                                         Beverly Hills, CA 90211
                                         323.452.5600 – Telephone
                                         561.404.4353 – Facsimile

                                         *Counsel for Plaintiff Reed Timmer*

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS