UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

REED TIMMER                                §
                                           §
v.                                         §       CIVIL NO. 4:24-CV-635-SDJ
                                           §
TRIUMPH ROOFING AND                        §
CONSTRUCTION LLC, ET AL.                   §

**MEMORANDUM ADOPTING IN PART AND
MODIFYING IN PART THE REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Report and Recommendation of United States Magistrate Judge (the "Report"), (Dkt. #41), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule CV-72. The Report recommends that Plaintiff Reed Timmer's Motion for Entry of Final Judgment by Default Against Defendant Roddy Doddy Agency, and Incorporated Memorandum of Law, (Dkt. #34), be granted in part and that Defendant Roddy Doddy Agency pay Plaintiff Reed Timmer $1,500.00 in statutory damages plus post-judgment interest. No party filed objections to the Report.

The Court modifies the Report's analysis of substantial prejudice. (Dkt. #41 at 5–6). To determine whether a default judgment is procedurally warranted, a court must look at six factors from *Lindsey v. Prive Corp.*:

> [W]hether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

1

161 F.3d 886, 893 (5th Cir. 1998). The second factor, "whether there has been substantial prejudice," directs courts to analyze whether *the plaintiff* has been substantially prejudiced. However, the Report analyzes whether the "entry of default judgment would not be harsh or result in substantial prejudice *to Defendant*." (Dkt. #41 at 5) (emphasis added).[1] Because "default judgments are disfavored," a court will not issue them unless a party's default causes real prejudice to the moving party. *See Lindsey*, 161 F.3d at 893. In this regard, *Lindsey* refers to whether the plaintiff has been prejudiced in its formulation of the second factor: "whether there *has been* substantial prejudice." *Id.* (emphasis added). Referring to "substantial prejudice" that "has been," *Lindsey* directs courts to analyze any prejudice that *has occurred*, not whether there *will be* prejudice in the future due to a default judgment. *Id.* Further, to analyze potential prejudice to the defendant would be duplicative of the fifth factor, "the harshness of a default judgment." *Id.* Therefore, when conducting the analysis for the second of the six *Lindsey* factors, courts should analyze the prejudice that has been experienced by the plaintiff.

---

[1] In support of this analysis, the Report cites to this Court's opinion *in Wearable Shoe Tree, LLC v. Does 1-601*, No. 4:24-CV-334-SDJ, 2025 WL 872524, at *3 (E.D. Tex. Mar. 20, 2025). (Dkt. #41 at 5). The Court acknowledges that *Wearable Shoe Tree* mistakenly applied the "substantial prejudice" inquiry to the defendants, rather than to the plaintiff, an approach that departed from this Court's previous rulings on motions for default judgment in which it correctly analyzed prejudice as to the plaintiff. *See, e.g.*, *Sec. & Exch. Comm'n v. Moss*, No. 4:20-CV-972-SDJ, 2022 WL 757226, at *3 (E.D. Tex. Mar. 11, 2022); *Back-Up Sys. Maint., LLC v. Suarez*, No. 4:21-CV-521-SDJ, 2022 WL 2119115, at *4 (E.D. Tex. June 13, 2022); *Viridity Energy Sols., Inc. v. Lone Star Demand Response, LLC*, No. 4:21-CV-419-SDJ, 2022 WL 4004785, at *3 (E.D. Tex. July 12, 2022); *TenPearls, LLC v. Medulla Int'l, LLC*, No. 4:22-CV-550-SDJ, 2023 WL 3292883, at *3 (E.D. Tex. May 5, 2023); *BEPS Servs., LLC v. Blue Escape Pools, LLC*, No. 4:23-CV-975-SDJ, 2025 WL 2713722, at *2 (E.D. Tex. Sept. 23, 2025). The Court notes that this minor error does not affect the ultimate resolution of the motion at issue in *Wearable Shoe Tree*.

Here, conducting the proper analysis as to the second *Lindsey* factor does not alter the ultimate outcome of the Report. Defendant Roddy Doddy Agency's failure to appear has resulted in substantial prejudice to Timmer. When a defendant fails to respond to a lawsuit, the adversarial process is brought to a halt, resulting in prejudice to the plaintiff's interest. *Ins. Co. of the West v. H&G Contractor's, Inc.*, No. CIV.A. C-10-390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011). Here, Timmer has been prejudiced by Defendant's failure to answer the complaint and will be further prejudiced absent a default judgment.

Besides the above-stated modification, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and adopts the Report as the findings and conclusions of the Court.

It is therefore **ORDERED** that Plaintiff Reed Timmer's Motion for Entry of Final Judgment by Default Against Defendant Roddy Doddy Agency, and Incorporated Memorandum of Law, (Dkt. #34), is **GRANTED in part**.

It is further **ORDERED** that Defendant Roddy Doddy Agency shall pay Plaintiff Reed Timmer $1,500.00 in statutory damages plus post-judgment interest at a rate of 3.70% from the date of the entry of judgment.

**So ORDERED and SIGNED this 30th day of March, 2026.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE